IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT LEE JORDAN,

                Plaintiff,              OPINION AND ORDER

v.

                                        18-cv-217-wmc

LIZZIE TEGELS,
TERRI MARCO, and
JANE DOE,

                Defendants.

*Pro se* plaintiff Robert Lee Jordan, an inmate at the Jackson Correctional Institution, alleges that defendants violated his constitutional rights by taking away all of his jail credit. Because Jordan is incarcerated and seeking redress from a governmental employee, the Prison Litigation Reform Act ("PLRA") requires the court to screen his complaint and dismiss any portion that is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. For the reason explained below, the court concludes that it must dismiss this lawsuit under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

ALLEGATIONS OF FACT[1]

Jordan alleges that defendants Terri Marco (a record clerk), Lizzie Tegels (the warden at Jackson Correctional Institution), and Jane Doe (the Department of Corrections Registrar) violated his constitutional rights for their involvement in denying him jail credit.

---

[1] In screening any *pro se* complaint, the court must read the allegations of the complaint generously, resolving ambiguities and making reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

Specifically, Jordan claims that he is entitled to jail credit from multiple Wisconsin criminal convictions, but Clerk Marco took them away after Jordan complained about her to the warden by persuading the presiding judges in three cases to amend the judgments to eliminate the jail credit. More specifically, Jordan claims that he is entitled to an additional: 143 days of jail credit in Case No. 1975CR1731; 79 days of jail credit from Case No. 84CF30; and 208 days of jail credit for Case No. 87CF21. As a result of Marco's actions, Jordan alleges that his mandatory release date changed from May 20 to December 18, 2019. He seeks, therefore, an order returning this jail credit, as well as awarding him monetary damages.

Moreover, publicly available information show that the judgments of commitment for each of those cases were indeed amended to remove jail credits in 2017. *See* https://wcca.wicourts.gov; *State v. Jordan*, Case No. 1975CF1731 (Wis. Cir. Ct. Feb. 15, 2017); *State v. Jordan*, Case No. 1984CF30 (Wis. Cir. Ct. Mar. 10, 2017); *State v. Jordan*, Case No. 1987CF21 (Wis. Cir. Cit. Apr. 24, 2018). Records further show that while Jordan filed motions challenging those amended judgments, his motions have been denied, and he is not currently pursuing appeals of those motions or otherwise seeking to challenge those orders.

OPINION

Plaintiff is seeking leave to proceed on claims that defendants violated his constitutional rights in taking away his jail credit. Because plaintiff has been convicted and sentenced, however, a plaintiff seeking to recover damages for an "unconstitutional

2

conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.*

Since Jordan seeks money damages for a claim that challenges the validity of his sentence, this court cannot address his claims. If Jordan is successful in invalidating his current sentence, he may refile this action. However, the court must dismiss this case without prejudice, as well as assess him a strike for bringing a frivolous lawsuit. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011) (dismissals on the basis of *Heck* are without prejudice); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (a complaint barred by *Heck* is considered legally frivolous and counts as a "strike" under 28 U.S.C. § 1915(g)).

ORDER

IT IS ORDERED that:

1. Plaintiff's claims are DISMISSED under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

2. The clerk of court is directed to enter judgment accordingly and close this case.

3. Plaintiff is assessed a STRIKE for purposes of 28 U.S.C. § 1915(g) (barring a prisoner with three or more "strikes" or dismissals for filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

Entered this 26th day of November, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge