IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT LEE JORDAN,

           Plaintiff,

v.

LIZZIE TEGELS,
TERRI MARCO, and
JANE DOE,

           Defendants.

OPINION AND ORDER

18-cv-217-wmc

*Pro se* plaintiff Robert Lee Jordan, an inmate at the Jackson Correctional Institution, filed this action under 42 U.S.C. § 1983, seeking monetary damages and injunctive relief. Jordan claimed that defendants violated his constitutional rights by taking away all of his jail credit. On November 26, 2018, the court dismissed this lawsuit without prejudice under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Jordan filed a motion for reconsideration (dkt. #11), which will be denied.

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should

have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

Plaintiff has not pointed to any newly discovered evidence or manifest error of law or fact in the court's conclusion. He simply asks for reconsideration and attaches a letter from the Wisconsin Department of Corrections ("DOC"), in which a representative from the DOC explains that he is in custody pursuant to a court order. The court sees no basis to reconsider its decision that *Heck* bars him from pursuing a § 1983 claim at this time, and thus is denying his motion.

ORDER

IT IS ORDERED that plaintiff Robert Jordan's motion for reconsideration (dkt. #11) is DENIED.

Entered this 16th day of September, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge